Gerard A. ROY

v.

Carle G. DANIS and Arundel Auto Service, Inc.

Supreme Judicial Court of Maine.

Argued Jan. 3, 1989.
Decided Jan. 31, 1989.

---

James B. Smith (orally), Smith & O'Toole, Biddeford, for plaintiff.

Dana E. Prescott (orally), Potter & Prescott, Saco, for defendants.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD and HORNBY, JJ.

GLASSMAN, Justice.

The plaintiff Gerard A. Roy appeals from a judgment of the Superior Court (York County, *McKinley, J.*) entered on a directed verdict granted to the defendants, Carle E. Danis and Arundel Auto Service, Inc., in an action by Roy seeking damages from the defendants for their breach of a contract with Roy. Our review of the record discloses that the trial court properly found that as a matter of law there was no contract between the parties, and we affirm the judgment.

In February of 1986, Roy filed the instant suit against the defendants seeking damages for the alleged breach of the claimed modified contract between the parties. The evidence presented at trial, viewed in a light most favorable to Roy, would permit a jury to find the following: In 1976 Roy sold his transmission repair business to the defendants for seventy-five thousand dollars and an oral agreement that the defendants would employ Roy for life to do "anything [Danis] asked," such as "putting [Roy] on the road ... running errands." Although Roy regularly appeared at the body shop, he was given only one job in 1978—to pick up parts in Yarmouth. Danis explained he did not yet need Roy's services because he "was building up the shop." In 1979, the defendants made the final mortgage payment to Roy. In 1980, there was a claimed modification of the oral agreement for employment of Roy by the defendants when Danis stated to Roy that if Roy started a transmission shop the defendants would send Roy some work. Roy moved a two-car garage over to property owned by his mother and equipped the garage with new equipment. Roy's new shop was ready to receive work in 1980; however, the defendants never sent any work to Roy.

At the close of Roy's evidence at the jury trial, the trial court granted the defendants' motion for a directed verdict. The court found that there had been no mutual assent to the terms material to the alleged contract. Accordingly, the court determined that as a matter of law Roy had not presented sufficient evidence that the parties had entered into an enforceable contract. This appeal followed.

In reviewing the grant of a motion for a directed verdict, "we must view the evidence, 'including every justifiable inference,' in the light most favorable to the plaintiff so that we may decide whether by any reasonable view of this evidence a jury verdict for the plaintiff could be sustained." *Packard v. Central Maine Power Co.*, 477 A.2d 264, 267 (Me.1984) (quoting *Boetsch v. Rockland Jaycees*, 288 A.2d 102, 104 (Me.1972)).

■ To establish a legally binding agreement the parties must have mutually assented to be bound by all of its material terms; the assent must be reflected and manifested in the contract, either expressly or impliedly; and the contract must be sufficiently definite to enable the court to determine its exact meaning and fix exactly the legal liability of the parties. *Sevigny v. Home Builders Association of Maine, Inc.*, 429 A.2d 197, 202 (Me.1981); *Zamore v. Whitten*, 395 A.2d 435, 440 (Me.1978); *Pendleton v. Sard*, 297 A.2d 889, 892 (Me. 1972).

■ Although any contract may be modified by a subsequent agreement, the new agreement must comply with the requirements of a valid contract. *Maine Mortgage Co. v. Tonge*, 448 A.2d 899, 902 (Me.1982). Here, the evidence viewed in the light most favorable to Roy does not meet any of the requirements for a legally binding modified agreement between the parties that the defendants would refer

transmission work to Roy. Accordingly, the trial court properly granted the defendants' motion for a directed verdict.

The entry is: Judgment affirmed.

All concurring.