**Carolyn PROCTOR**

v.

**COUNTY OF PENOBSCOT** *.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 4, 1994.

Decided Dec. 20, 1994.

Norman S. Heitmann, III, Bangor, for plaintiff.

Jeffrey Silverstein, Asst. Dist. Atty., Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Pursuant to M.R.Civ.P. 72(c),[1] this matter was reported to us following the entry of a

---

* The individual County Commissioners of Penobscot County were acting in their legislative capacity and accordingly were inappropriately named as parties defendant in this action.

1. M.R.Civ.P. 72(c) provides in pertinent part:

summary judgment in the Superior Court (Penobscot County, *Mead, J.*) in favor of Penobscot County on Carolyn Proctor's claim alleging that a county ordinance violated her constitutional rights guaranteed by the First Amendment to the United States Constitution.[2] We affirm the judgment.

The record reveals the following undisputed facts. Carolyn Proctor owns and operates "La Casa de Fiesta," a bar located in an unincorporated township in Penobscot County, that is licensed by the State, pursuant to 28–A M.R.S.A. § 1051 (1988), to serve alcohol to be consumed on the premises where sold. To provide any "amusement, performance, exhibition or diversion for patrons or customers of the licensed premises" it was necessary for Proctor to secure a special entertainment permit from the County Commissioners. 28–A M.R.S.A. § 1054(10), (12) (1988). Municipal officers and county commissioners are empowered to adopt ordinances to regulate "the music, dancing or entertainment . . . and other limitations on these activities required to protect the public health, safety and welfare." 28–A M.R.S.A. § 1054(11)(A) (1988).

The County Commissioners enacted an entertainment ordinance on October 30, 1990, that provided:

> No licensee [for the sale of liquor] shall permit entertainment on the licensed premises, whether provided by professional entertainer(s), employees of the licensed premises, or any person, when the entertainment involves . . . the actual or simulated displaying of the genitals, pubic hair, buttocks or anus.

Penobscot County, Me., Entertainment Ordinance, art. 400 (1990). The entertainment sought to be offered by Proctor at the "La Casa de Fiesta" falls within the conduct proscribed by the ordinance.

In November 1990, Proctor filed a complaint against the County alleging, *inter alia,* that her business would be adversely affected by the application of the ordinance and that the ordinance was facially overbroad, and seeking a declaration that it violated the First Amendment. After a hearing, the trial court (*Chandler, J.*) denied the County's motion to dismiss Proctor's claim on the ground that Proctor lacked standing to assert a violation of the First Amendment. Thereafter, following a hearing on the County's motion for a summary judgment, the court (*Mead, J.*) determined there were no genuine issues of material facts. The court found the decision in *New York Liquor Auth. v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981), to be controlling and granted the County's motion. Proctor appeals from the summary judgment entered in favor of the County.

A summary judgment is appropriate if the pleadings, affidavits, or any other discovery material establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c). In reviewing the grant of a motion for a summary judgment, we examine the evidence in the light most favorable to the party against whom the judgment was entered to determine whether the record supports the trial court's conclusion that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *Fisherman's Wharf Assoc. II v. Verrill and Dana,* 645 A.2d 1133, 1135 (Me.1994).

■ As a threshold matter, the County asserts, as it did before the trial court, that Proctor has no standing to challenge the ordinance. The County contends that because Proctor has not alleged that she is engaged in nude display, she lacks standing to assert the First Amendment rights of

---

If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court before any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the

rights of the parties without making any decision therein.

2. The First Amendment of the United States Constitution made applicable to the states by the Fourteenth Amendment prohibits, *inter alia,* the passage of any law abridging the freedom of speech or the right of people peaceably to assemble.

nude dancers whom she may employ. It argues that a litigant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). It further argues that because the ordinance does not punish the nude displayers, but rather the liquor licensee,[3] the ordinance does not infringe on nude displayers' First Amendment rights.

The United States Supreme Court has stated that standing requires one who has suffered an injury to show that the injury in fact is fairly traceable to the challenged action and that such injury is likely to be redressed by the judicial relief sought. *Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). We have previously held that to have standing a litigant must have suffered a particularized injury that is distinct from the harm suffered by the public at large. *Common Cause v. State,* 455 A.2d 1, 6 (Me.1983). We have construed particularized injury as an injury resulting from an action adversely and directly affecting the party's property, pecuniary or personal rights. *New England Herald Dev. Group v. Town of Falmouth,* 521 A.2d 693, 695 (Me. 1987).

We note also that in *Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), the Supreme Court held that a bar owner had standing to challenge an ordinance for a violation of the Equal Protection Clause when the ordinance discriminated between male and female drinkers. The Court stated that

> [The bar owner] is obliged either to heed the statutory discrimination, thereby incurring a direct economic injury through the constriction of her buyers' market, or to disobey the statutory command and suffer ... sanctions and perhaps loss of license.
> ... Accordingly, vendors and those in like positions have been uniformly permit-

ted to resist efforts at restricting their operations by acting as advocates of the rights of third parties who seek access to their market or function.

*Craig v. Boren,* 429 U.S. at 194–95, 97 S.Ct. at 455–56. Here, Proctor similarly is faced with penalties if she disobeys the County ordinance and with economic injury if she complies with the ordinance. Viewed in the foregoing context, we agree with the trial court that Proctor had standing to challenge the ordinance.

■ Proctor contends that the trial court erred in determining as a matter of law that the County is entitled to a summary judgment. She argues that absent legislative findings, there is a genuine issue of material fact as to the intent of the County in enacting the ordinance. Because we reach the same conclusion as did the trial court that *New York Liquor Auth. v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, controls the issue presented by Proctor's contention, we disagree.

In *Bellanca,* the owners of nightclubs and bars brought an action seeking a declaratory judgment that a state statute prohibiting topless dancing in an establishment licensed by the State to serve liquor violated the First Amendment. The Supreme Court held that the absolute power of the states to wholly ban the sale of liquor within its boundaries conferred by the Twenty-first Amendment[4] included the broad power to regulate the time, place, and manner in which liquor may be sold. *Id.* at 715, 101 S.Ct. at 2600. The Court stated that "although some may quarrel with the wisdom of such legislation ... the Twenty-first Amendment makes that a policy judgment for the state legislature, not the courts." *Id.* at 718, 101 S.Ct. at 2602. *See also Doran v. Salem Inn, Inc.,* 422 U.S. 922, 932–33, 95 S.Ct. 2561, 2568–69, 45 L.Ed.2d 648 (1975) (State's power under the Twenty-first Amendment outweighs any First Amendment interest in nude dancing);

---

3. 28–A M.R.S.A. § 802 (1988) provides that a liquor license may be revoked or suspended for "violation of any federal or state law, rule or regulation relating to liquor or substantial infraction of any rule issued by the Commission."

4. The Twenty-first Amendment to the United States Constitution provides in pertinent part: "The transportation or importation into any State, territory or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

*Gabriele v. Town of Old Orchard Beach,* 420 A.2d 252, 257 (Me.1980) (town ordinance prohibiting actual or simulated display of any portion of female breasts at or below the aureola area in a bar licensed to sell alcoholic beverages for consumption on premises did not violate First Amendment).

Here, as stated in *Bellanca,* the clear purpose of the ordinance is to "avoid the disturbances associated with mingling alcohol and nude dancing," *New York Liquor Auth. v. Bellanca,* 452 U.S. at 718, 101 S.Ct. at 2602, and no genuine issue of material fact is generated by the absence of legislative findings. Accordingly, the trial court properly determined that the County was entitled to a summary judgment as a matter of law.

The entry is:

Judgment affirmed.

All concurring.