### Pearly E. SIMPSON

### v.

### CENTRAL MAINE MOTORS, INC.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 2, 1995.

Decided Jan. 10, 1996.

Joseph M. Jabar, Daviau, Jabar & Batten, Pittsfield, for Plaintiff.

Peter T. Marchesi, Wheeler & Arey, P.A., Waterville, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Pearly Simpson appeals from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) granting Central Maine Motors's motion for a summary judgment. Contrary to Simpson's contentions, the record discloses that there was no genuine issue of material fact generated in this case, and accordingly we affirm the judgment.

In early 1991 Central Maine Motors (CMM), a car dealership, was located on College Avenue in Waterville. Northeast Dodge–Toyota, an unrelated car dealership, was located on Kennedy Memorial Drive. In March 1991, Northeast ceased doing business, and CMM moved into its space. Simpson had worked for Northeast for thirteen years. When the company went out of business, Simpson opened his own body shop.

Prior to CMM's move to Kennedy Memorial Drive, CMM and Northeast each had advertisements in the Nynex yellow pages. A central feature of Northeast's advertisement was a facsimile of Simpson and the exhortation, "Ask for Pearly." When CMM moved to the Northeast space, CMM requested that Nynex change the address in its existing advertisement and leave the advertisement unchanged in all other respects. Instead of implementing the change as CMM directed, Nynex mistakenly replaced Northeast's name with CMM's name in Northeast's advertisement, and hence it contained Simpson's name and likeness. CMM did not learn of the misunderstanding until the Nynex yellow pages were published.

Simpson filed a complaint against CMM alleging invasion of privacy by misappropriation of his likeness. Subsequently, Simpson amended the complaint adding a claim of unjust enrichment. After a hearing, the court granted CMM's motion for a summary judgment on all of Simpson's claims.

■ In reviewing a grant of a summary judgment, we examine the evidence in the light most favorable to the party against whom the judgment was entered in order to determine whether the record supports the trial court's conclusion that there is no genuine issue of material fact and the movant is

entitled to a judgment as a matter of law. *Proctor v. County of Penobscot,* 651 A.2d 355, 356 (Me.1994).

*Invasion of Privacy*

 Simpson contends that CMM invaded his privacy by appropriating his name and likeness for its own use and' benefit. The appropriation allegedly occurred when the advertisement, bearing CMM's logo and containing Simpson's name and likeness, appeared in the yellow pages.

Maine recognizes the tort of invasion of privacy by the appropriation of name or likeness, and has adopted the formulation that appears in the RESTATEMENT (SECOND) OF TORTS:

> One who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy.

*Nelson v. Maine Times,* 373 A.2d 1221, 1223–24 (Me.1977) (quoting RESTATEMENT (SECOND) OF TORTS § 652C (1977)).

This language requires that the defendant be responsible for the alleged appropriation. In this case, the uncontroverted facts establish that CMM had nothing to do with Nynex's mistaken publication of the advertisement which bore CMM's name and contained Simpson's likeness. Even if Simpson were correct that a mistake can lead to liability under section 652C, that mistake must be the defendant's mistake. Here, the mistake belonged to Nynex.

*Unjust Enrichment*

The three elements of an unjust enrichment claim are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value. *A.F.A.B., Inc. v. Town of Old Orchard Beach,* 639 A.2d 103, 105 n. 3 (Me.1994); *A.F.A.B., Inc. v. Town of Old Orchard Beach,* 610 A.2d 747, 749 (Me.1992). Simpson's allegations that CMM "benefited [sic] from the ad since people who use Cen-

tral Maine Motors still ask for Pearly Simpson" is unsupported by any reference to the record. M.R.Civ.P. 7(d)(1).

The trial court properly granted CMM's motion for a summary judgment on Simpson's claims for invasion of privacy or unjust enrichment.

The entry is:

Judgment affirmed.

All concurring.