1997 ME 20

**MACHIAS SAVINGS BANK**

v.

**Yvonne RAMSDELL et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 5, 1996.

Decided Feb. 4, 1997.

See also: 64 F.3d 5.

**596**

Stephen G. Morrell, Eaton, Peabody, Bradford & Veague, P.A., Brunswick, for defendants.

Ralph A. Dyer, Portland, for Yvonne Ramsdell.

Sonja Ramsdell, East Machias, pro se.

Anthony Ferguson, Fales & Fales, Lewiston, for Public Works Supply Co.

Pasquale Perrino, Augusta, Andrew Ketterer, Attorney General, Gwendolyn Thomas, Asst. Atty. Gen., Augusta, for Bureau of Taxation, et al.

Thomas F. Shehan, Jr., Bangor, for Kenneth & Roland Ramsdell.

Dennis Mahar, Fletcher & Mahar, Calais, for Lubec Water & Electric Dist.

Norman P. Toffolon, Machias, for Burtco, Inc.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

[¶ 1] Yvonne Ramsdell and Sonja Ramsdell appeal from the summary judgment entered in the Superior Court (Washington County, *Marsano, J.*) in favor of the Machias Savings Bank on its complaint against the Ramsdells [1] seeking the foreclosure of mortgages. Yvonne contends the court abused its discretion by its ruling on her motion to amend her answer to the Bank's complaint and erroneously applied the doctrine of *res judicata* to bar her affirmative defense that the Bank violated the provisions of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691–1691f (1982 & Supp.1996). Sonja contends that because there is a genuine issue of material fact as to whether she signed the modifications to certain loan agreements the court erroneously granted a summary judgment. We vacate the judgment.

[¶ 2] This case involves a series of loans made by the Bank to the Ramsdell Construction Company and its principals Roland Ramsdell and his son Kenneth Ramsdell.

1. Roland and Kenneth Ramsdell, also named as defendants in this action, have not challenged the default judgments entered against them in favor of the Bank.

Yvonne Ramsdell, the wife of Roland, and Sonja Ramsdell, the former wife of Kenneth, signed some of the loan documents. The loan transactions relevant to this appeal are: (1) On April 5, 1988, Kenneth and Sonja executed a $60,000 note and mortgage deed to the Bank; (2) on November 20, 1989, Kenneth and Sonja executed a $75,000 note and mortgage deed to the Bank; (3) on June 9, 1989, Roland, Kenneth and Yvonne executed notes for $250,000 and $500,000 to the Bank secured by mortgage deeds executed by Roland and Kenneth; (4) on April 19, 1991, Roland, Kenneth, Sonja and Yvonne executed a $170,000 note to the Bank secured by a mortgage executed by Roland, Kenneth and Yvonne; (5) on July 16, 1992, Roland, Kenneth and Yvonne executed a $350,000 note to the Bank secured by two separate mortgage deeds executed by Roland, Kenneth and Yvonne.[2] The Ramsdells have defaulted in their payment obligations.

[¶ 3] In February 1993, the Bank brought the present action in the District Court against Roland, Kenneth, Yvonne and Sonja. Yvonne's answer asserts a general denial and, *inter alia*, the affirmative defenses of accord and satisfaction and waiver. Sonja's answer is a general denial of the allegations in the Bank's complaint. Yvonne removed the case to the Superior Court. Defaults were entered against Roland and Kenneth. On June 1, 1994, Yvonne filed a motion to amend her answer to add, *inter alia*, affirmative defenses to include: (1) violation of the provisions of the ECOA; (2) misrepresentation; (3) failure of consideration; (4) the doctrine of hindrance and prevention; (5) estoppel; (6) negligence and contributory negligence; and (7) unclean hands. Following a hearing, the trial court (*Alexander, J.*) granted her motion to amend her answer to add affirmative defenses alleging ECOA violations and misrepresentation, but denied her motion as to the remaining defenses.

[¶ 4] The Bank moved for a summary judgment in August 1994, contending that there was no evidence to sustain Yvonne's affirmative defenses, including the ECOA defense, and that the foundational documents overcame Sonja's general denial to the Bank's complaint. Yvonne filed her opposition to the Bank's motion, alleging that there remained several genuine issues of material fact concerning her various affirmative defenses. Sonja's response to the Bank's motion alleged that a genuine issue of material fact existed as to whether she had signed modifications to the 1988 and 1989 loan agreements originally executed by her and Kenneth.

[¶ 5] In April 1994, during the pendency of this action, Yvonne filed a complaint seeking damages against the Bank in the United States District Court for the District of Maine, alleging, *inter alia*, that the Bank had violated the provisions of the ECOA, 15 U.S.C. § 1691(a)(1) (1982),[3] by requiring her signature to the 1989, 1991 and 1992 loan transactions. On December 8, 1994, the United States Magistrate considered the Bank's motion for a summary judgment on Yvonne's claims. The Magistrate concluded that Yvonne's claims regarding the 1989 and 1991 loans were time barred pursuant to 15 U.S.C. § 1691e(f) that requires civil actions for damages resulting from alleged violations of the Act to be brought within two years of the date of the occurrence of the violation. Regarding the 1992 loan, the Magistrate, in interpreting the ECOA, relied on the federal regulation that provides, "a creditor shall not require the signature of the applicant's spouse ... on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested." 12 C.F.R. § 202.7(d)(1) (1996). The Magistrate found that Roland was not creditworthy at the time

---

**2.** Roland executed the 1989 notes individually and on behalf of Roland W. Ramsdell & Sons, Machias Ford Mercury, Inc. and Ramsdell Construction Co. Kenneth, under a power of attorney from Roland, signed the 1991 note for Roland individually and on behalf of Ramsdell Construction. Roland executed the 1992 note individually and on behalf of Ramsdell Construction.

**3.** The Act provides in pertinent part:

(a) It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—

(1) on the basis of ... marital status....

15 U.S.C. § 1691(a)(1) (1982).

of the 1992 loan, and accordingly, Yvonne could not prevail on her claim of a violation of the provisions of the ECOA as to the 1992 loan. The Magistrate's decision was adopted by the District Court.

[¶ 6] Following a hearing in the Superior Court, the court granted Yvonne's motion to stay the present action pending the appeal from the judgment of the District Court to the United States Court of Appeals for the First Circuit. In granting the motion, the court stated:

> The underlying issues raised by the defendant, Yvonne Ramsdell, have been the subject of a decision in the Federal District Court.... While this Court would be prepared to accept Magistrate Beaulieu's decision and move forward to Summary Judgment on the basis of those findings, the fact that the matter is on appeal [to the First Circuit] on a "de novo" basis suggests to this Court that the matter stand in abeyance pending resolution of the matter on appeal.

The Court of Appeals affirmed the decision of the District Court on August 30, 1995. *Ramsdell v. Bowles*, 64 F.3d 5 (1st Cir.1995). Thereafter, following a hearing, the Superior Court granted the Bank's motion for a summary judgment.[4] Yvonne and Sonja appeal.

■ [¶ 7] Yvonne first contends that the trial court abused its discretion by not allowing all her claimed affirmative defenses set forth in her motion to amend her answer to the Bank's complaint.[5] We disagree. Maine Rule of Civil Procedure 15 addresses that period within which a party's pleading may be amended as a matter of course. A defendant has a comparable period of time to amend an answer as does a plaintiff to amend a complaint. 1 Field, McKusick & Wroth, *Maine Civil Practice* §§ 15.2, 15.4 (2d ed. 1970). Thereafter, the party seeking to amend a pleading can do so only by leave of court or by written consent of the other party. M.R.Civ.P. 15. A motion seeking

such leave to amend is committed to the sound discretion of the court. *Glynn v. City of South Portland,* 640 A.2d 1065, 1067 (Me. 1994). One seeking to overturn the trial court's ruling on the motion "must demonstrate a clear and manifest abuse of that discretion and must demonstrate that granting such motion is necessary to prevent injustice." *Id.* (citation and quotation omitted).

[¶ 8] Yvonne's motion to amend was filed over a year after her original answer. Moreover, she concedes that those proposed defenses denied by the court, with the exception of the defense of the failure of consideration, were simply clarifications of the defenses alleged in her original answer. We find nothing in this record that demonstrates the granting of the motion to allow the defense of failure of consideration was necessary to prevent an injustice. Nor does the record demonstrate there is a clear and manifest abuse of the court's discretion by its ruling on Yvonne's motion.

■ [¶ 9] Yvonne next contends that because the decision of the federal court is not a bar to her affirmative defense that the Bank violated the provisions of the ECOA, the trial court erred by granting the Bank's motion. She concedes that the federal court's factual determination that Roland was not creditworthy at the time of the 1992 transaction precludes this affirmative defense to that loan. She argues that the federal court's finding that the statute of limitations barred her affirmative claims that the Bank had violated the provisions of the ECOA with regard to the 1989 and 1991 loans does not preclude her affirmative defense of the Bank's violation of provisions of the ECOA in the present action. We agree.

■ [¶ 10] When reviewing the grant of a motion for a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment was entered to determine whether the record

---

4. A transcript of that hearing is not a part of the record before us.

5. Prior to the February 29, 1996, hearing on the Bank's motion for a summary judgment, Yvonne conceded that the only affirmative defenses not barred by the doctrine of *res judicata* were (1)

accord and satisfaction, (2) waiver, (3) violation of the provisions of the ECOA, and (4) the failure of consideration, previously disallowed by the court on her motion to amend her answer. On appeal Yvonne has abandoned the alleged defenses of accord and satisfaction and waiver.

supports the trial court's conclusion that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *Simpson v. Central Maine Motors, Inc.,* 669 A.2d 1324, 1325–26 (Me. 1996); M.R.Civ.P. 56.

[¶ 11] The doctrine of *res judicata* "is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once." *Beegan v. Schmidt,* 451 A.2d 642, 644 (Me.1982). The doctrine has developed two separate components, issue preclusion and claim preclusion. *Id.* Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if "the identical issue was determined by a prior final judgment, and ... the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Van Houten v. Harco Const., Inc.,* 655 A.2d 331, 333 (Me. 1995) (citation and quotation omitted). Claim preclusion "bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Department of Human Serv. v. Comeau,* 663 A.2d 46, 48 (Me.1995).

[¶ 12] By this action, the Bank seeks, *inter alia,* to foreclose the mortgages securing the June 9, 1989 and April 19, 1991 loans. While there is a two-year statute of limitations within which to bring an affirmative action pursuant to the provisions of the ECOA, there is no limitation period on the use of the Act as a defense in the nature of recoupment in an action for foreclosure. *Mundaca Inv. Corp. v. Emery,* 674 A.2d 923, 925 (Me.1996); *Federal Deposit Ins. Corp. v. Notis,* 602 A.2d 1164, 1166 (Me.1992). In the federal court proceedings Yvonne did not, and could not, litigate the issue of creditworthiness as it relates to the 1989 and 1991 loans and neither claim preclusion nor issue preclusion bars Yvonne from establishing the violation of the provisions of the ECOA as an affirmative defense to the Bank's present action. *See, e.g., Mutual Fire Ins. Co. v. Richardson,* 640 A.2d 205, 208 (Me.1994) (prior judgment can only be used for collater-

al estoppel if the identical issue necessarily was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in the prior proceeding); *Justice v. Martig,* 570 A.2d 1211, 1212 (Me.1990) (*res judicata* only applies to issues which were or may have been litigated in prior action). Accordingly, there remains a genuine issue of material fact as to whether the Bank violated the provisions of the ECOA by requiring Yvonne's signature for the 1989 and 1991 loans, and the trial court erred in granting the Bank's motion for a summary judgment in its favor. *See Mundaca Inv. Corp. v. Emery,* 674 A.2d at 925 (affirmative defense of ECOA violation creates genuine issue of material fact precluding a summary judgment for both the applicant and guarantor spouse).

[¶ 13] Sonja also contends that the trial court erred by granting the summary judgment in favor of the Bank. By her answer Sonja failed to plead a violation of the provisions of the ECOA as an affirmative defense. *See Federal Deposit Ins. Corp. v. Notis,* 602 A.2d at 1165 ("Recoupment must be pleaded affirmatively, and if it is not raised it is ordinarily deemed waived."). In response to the Bank's motion for a summary judgment, she contends only that she did not sign modifications to the 1988 and 1989 notes and mortgages originally executed by her and Kenneth. *See Roy v. Danis,* 553 A.2d 663, 664 (Me.1989) (although contract may be modified by subsequent agreement, the new agreement must comply with the requirements of a valid contract). The record before us does not address her contention nor include modification agreements relating to the loans at issue. The record is unclear as to whether in fact these loans were modified. However, the Bank's statement of material fact, in support of its motion for a summary judgment, makes reference to the modification of the 1988 and 1989 loan agreements. Because on this record we conclude there remains a genuine issue of material fact as to whether, as contended by Sonja, the 1988 and 1989 notes and mortgages were modified without her consent, the court erroneously granted a summary judgment in favor of the

Bank on its complaint against her. *Simpson v. Central Maine Motors, Inc.*, 669 A.2d at 1325–26; M.R.Civ.P. 56.

The entry is:

Judgment of foreclosure as to Yvonne Ramsdell and Sonja Ramsdell vacated. Remanded for further proceedings consistent with the opinion herein.

