STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-506
RAC - CUM-·· 12/2004

BRUCE C. AND TERESA L.
LITTLE, *et al.*

      Plaintiffs

    v.

WILLIAM S. KANY

and

SMITH, ELLIOTT, SMITH &
GARMEY,

      Defendants

**ORDER**

STATE OF MAINE
Cumberland, ss. Clerk's Office
SUPERIOR COURT

APR 1  2004

RECEIVED

DONALD L. A·····
L.A·
MAY 13 2004

Before this court is Defendants William S. Kany, Esquire ("Kany") and Smith, Elliot, Smith & Garmey's ("Smith") Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

**FACTS**

Defendant Peter Anania[1] approached Plaintiffs, Bruce C. and Teresa L. Little ("Little") with a buyer for their rental home business, Plaintiff Rental Properties, Inc. ("Rental Properties"). Thereafter, Plaintiff Little entered into a purchase and sale agreement with Donald Baldyga, the buyer, to sell Plaintiff Rental Properties, which owned and operated three residential care facilities. Accordingly, Defendant Kany was hired to help arrange the deal.

Ultimately, a purchase price was arranged with a gross purchase price of $3.5 million, part of which was to be paid in the form of an unsecured subordinated

---

[1] On January 15, 2004, this court granted a Joint Motion for Dismissal of Defendants Peter V. Anania and Anania & Associates.

promissory note in the amount of $550,000. At this time, Defendant Kany explained to Plaintiff Little the difficulties inherent in this unsecured note. As the transaction was near to closing, however, Plaintiff Little was advised that Donald Baldyga and his corporations would be unable to close the transaction unless Plaintiff Little agreed to accept a second promissory note in the amount of $201,650. Accordingly, Plaintiff Little to obtained security, in the form of stock, from Donald Baldyga.[2]

Several months later, Donald Baldyga defaulted on both of the notes. After receiving advice from Defendant Kany, Plaintiff Little determined that it would not be prudent to exercise his security rights in the stock pledge. Consequently, Defendant Kany and Attorney Keith Jacques of Defendant Smith, on behalf of Plaintiff Little, filed suit against Donald Baldyga in federal court. This litigation was ultimately resolved with Plaintiff Little and Donald Baldyga electing to settle and dismiss their claims.

Subsequently, on October 1, 2002, Plaintiff Little filed this Complaint in the Cumberland County Superior Court. In response, Defendants Kany and Smith filed a counterclaim seeking $39,415.55 in fees and interest and on January 5, 2004, filed a Motion for Summary Judgment.

## DISCUSSION

### 1. Was Defendants Kany and Smith's Summary Judgment Motion Untimely?

Plaintiff Little argues that Defendants Kany and Smith's Motion for Summary Judgment is untimely and therefore should be denied by this court. Pursuant to this court's scheduling order, dated December 12, 2002, all motions, except motions in limine, were to be filed "not later than 30 days following the close of discovery." The discovery deadline in this case was October 31, 2003. Accordingly, the deadline for

---

[2] This court notes that a dispute exists regarding whether or not Defendant Kany advised Plaintiff Little about the risks associated with accepting stock as security for the second note.

2

filing motions was December 1, 2003. In the instant case, Defendants Kany and Smith did not file their motion for summary judgment until January 5, 2004. Despite this late filing, Defendants Kany and Smith assert that the parties did not complete the necessary depositions until the end of December 2003. Thus, due to these circumstances, this court finds that Defendants Kany and Smith's Motion was timely.

## 2. Summary Judgment Motion

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. A material fact is one having "the potential to affect the outcome of the suit." Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560, 562. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71, 73 (citation omitted).

### a. Judicial Estoppel

First, Defendants Kany and Smith argue that Plaintiff Little's claims are barred by the doctrine of judicial estoppel. "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749, 149 L. Ed. 2d 968, 977, 121 S. Ct. 1808, 1814 (2001) (citation and quotations omitted).

In the case at bar, Plaintiff Little initiated a suit against Donald Baldyga to collect on the two notes he failed to pay, which was dismissed with prejudice. Presently, Plaintiff Little is asserting a claim of legal malpractice against Defendants Kany and

3

Smith. This court finds that these two cases do not assert inconsistent positions and therefore the doctrine of judicial estoppel is inapplicable.[3]

### b. *Res Judicata*/Collateral Estoppel

Next, Defendants Kany and Smith contend that Plaintiff Little's claims are barred by the doctrines of *res judicata* and collateral estoppel.

> The doctrine of *res judicata* is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once. The doctrine has developed two separate components, issue preclusion and claim preclusion. Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding. Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.

Macomber v. MacQuinn-Tweedie, 2003 ME 121, ¶ 22, 834 A.2d 131, 138-39 (citing Machias Sav. Bank v. Ramsdell, 1997 ME 20, ¶ 11, 689 A.2d 595, 599).

### 1. Issue Preclusion/Collateral Estoppel

In the present action the overarching issue presented is Defendants Kany and Smith's legal malpractice. In the prior action, however, the overarching issue was Plaintiff Little's financial loss. Consequently, this court finds that the identical issue was not adjudicated and therefore collateral estoppel does not apply in this case.

### 2. Claim Preclusion

In this case, the operative facts at issue are the sale of Plaintiff Little's business and the debt obligations that arose from that transaction. Although the federal court

---

[3] In addition, this court notes that it is unsure of when Plaintiff Little learned of Defendant Kany's possible malpractice. See McKay v. Owens, 130 Ida. 148, 155, 937 P.2d 1222, 1229 (1997) (holding that "[i]f a client does not learn of the grounds for, or facts giving rise to, legal malpractice until after the settlement has been approved, the policies behind judicial estoppel will not be furthered, and the doctrine should not be employed.")

4

action is a valid final judgment, this court finds that it does not preclude an assertion of legal malpractice in this action. For the reason that, it would have been difficult for Plaintiff Little to assert a legal malpractice claim, because Defendants Kany and Smith represented him in the prior federal cause of action.

### c. Can Plaintiff Little Prove Damages?

Lastly, Defendants Kany and Smith argue that Plaintiff Little's claims are barred because he cannot prove damages. The measure of damages in a legal malpractice action is the difference between what Plaintiff Little's pecuniary position is and what it would have been had the malpractice not occurred. Hoitt v. Hall, 661 A.2d 669, 673 (Me. 1995).

Here, Plaintiff Little claims that but for Defendants Kany and Smith's legal malpractice he would have the value of the two notes ($550,000 and $201,650), Teresa Little's employment contract and benefits, and would not have sustained emotional distress. This court concludes that based on the findings above as well as the disputed facts that remain, summary judgment is inappropriate as to damages.

WHEREFORE, this court **DENIES** Defendants Kany and Smith's Motion for Summary Judgment, pursuant to M. R. Civ. P. 56.

Dated: April _12_, 2004

Roland A. Cole
Justice, Superior Court

5

F COURTS
nd County
ox 287
e 04112-0287

JAMES BOWIE ESQ
PO BOX 4630
PORTLAND ME 04112

F COURTS
nd County
ox 287
e 04112-0287

LEE BALS ESQ
100 MIDDLE STREET EAST TOWER
PORTLAND ME 04112