STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No.: 05-CV-039

RECEIVED AND FILED

JUN 26 2009

OXFORD COUNTY SUPERIOR COURT
SOUTH PARIS, MAINE

Kurtz & Perry,

    Plaintiff

v.

Nancy J. Emerson,

    Defendant/Counterclaim Plaintiff/
    Third-party Plaintiff,

    v.

Kurtz & Perry, P.A.,

    Counterclaim Defendant

    v.

Alan J. Perry, Esq.,

    Third-party Defendant

**DECISION AND ORDER**
(Motion for Summary Judgment)

This matter was heard on June 3, 2009, on Counterclaim Defendant Kurtz & Perry's Motion for Summary Judgment on any Outstanding Claim. Attorney Wendell Large represented Counterclaim Defendant. Attorney Stephen Chute represented Counterclaim Plaintiff Nancy Emerson (Ms. Emerson).

## Procedural History

Plaintiff and Counterclaim Defendant Kurtz & Perry (Kurtz & Perry) initiated this action in 2005 in an effort to recover from Ms. Emerson attorneys' fees that were allegedly generated during the course of Kurtz & Perry's representation of Ms. Emerson in a divorce proceeding. As part of her response to the Complaint filed by Kurtz & Perry, Ms. Emerson asserted a counterclaim in which she alleged breach of contract and negligence theories.

Ms. Emerson also filed a Motion to Stay Proceedings, in which motion Ms. Emerson requested that the Court stay this action to allow her the opportunity to file a petition for fee arbitration in accordance with Maine Bar Rule 9. On July 26, 2005, the Court granted Ms. Emerson's request for a stay. The parties then participated in a fee arbitration proceeding pursuant to Rule 9.

On December 13, 2006, after receiving the Award and Determination of the Fee Arbitration Panel of the Fee Arbitration Commission of the Board of Overseers of the Bar, Kurtz & Perry filed a Motion for Entry of Judgment. On January 31, 2007, the Court entered judgment in favor of Kurtz & Perry in the amount of $34,358.37.

Citing the judgment, Kurtz & Perry subsequently moved to dismiss Ms. Emerson's counterclaim. In particular, Kurtz & Perry argued that the judgment was determinative of the entire stayed action. Upon review of the motion, the Court concluded that "[w]hile Bar Rule 9(e)(5)(D) makes the panel's award of fees determinative of an action involving attorney fees, it does not impact Emerson's right to bring suit against Kurtz & Perry for claims outside of the disputed attorney's fees." (Order on Motion to Dismiss, July 5, 2007, p. 3). The Court, therefore, denied the motion to dismiss.

In December 2007, Kurtz & Perry filed another motion to dismiss Ms. Emerson's counterclaim. In this motion, Kurtz & Perry maintained that dismissal was appropriate because Ms. Emerson had failed to designate an expert witness, which Kurtz

& Perry argued was a requirement in a legal malpractice action. Because an expert witness is not required when an attorney's breach of the applicable standard of care is "obvious" or "within the ordinary knowledge and experience of laymen," and "considering the complaint in the light most favorable to Emerson," the Court denied the motion to dismiss. (Order, March 20, 2008, p. 3).

On November 5, 2008, Kurtz & Perry filed a motion for summary judgment on Ms. Emerson's claims. Through this motion, Kurtz & Perry argued that discovery had revealed and the record established that the breach alleged by Ms. Emerson was not "obvious" or "within the ordinary knowledge and experience of laymen" and, therefore, in the absence of expert testimony, Ms. Emerson could not prevail on her claim.

The Court granted in part and denied in part Kurtz & Perry's motion for summary judgment. In its denial of the motion, the Court noted that Ms. Emerson's allegation in paragraph 19 of her counterclaim "is not necessarily precluded by [her] decision not to designate an expert witness ..." (Order, March 10, 2009, p. 4). The Court also wrote, "[Kurtz & Perry] raised at the hearing the issue of whether this remaining negligence claim is precluded by an award in the fee arbitration proceeding among the parties. That issue was not raised in the pending motion and is therefore not addressed." (Order, March 10, 2009, p. 4). The Court granted summary judgment on all but the claim asserted in paragraph 19 of Ms. Emerson's counterclaim.

Kurtz & Perry have now filed a motion for summary judgment in which they raise the issue that was explicitly not addressed by the Court in its most recent order. That is, Kurtz & Perry argue that Ms. Emerson's sole remaining claim is precluded by the Court's entry of judgment upon the arbitration award.

Discussion

M.R. Civ. P. 56(c) provides that summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact . . .

and that [the] moving party is entitled to a judgment as a matter of law." M.R. Civ. P. 56(c). As explained above, in this case, Kurtz & Perry maintains that summary judgment is appropriate because the one issue that survived the earlier motion for summary judgment (i.e., the issue described in paragraph 19 of the counterclaim) was necessarily decided when the Court confirmed the arbitration award and entered judgment in favor of Kurtz & Perry. In other words, Kurtz & Perry contends that the doctrine of *res judicata* precludes Ms. Emerson from asserting that Kurtz & Perry failed to include in the divorce decree a provision requiring Ms. Emerson's ex-husband to pay for her attorneys' fees.

In *Machias Savings Bank v. Ramsdell*, 1997 ME 20, ¶ 9, 689 A.2d 595, 599, the Law Court described the doctrine of *res judicata* as a "court-made collection of rules designed to ensure that the same matter will not be litigated more than once ... The doctrine has developed two separate components, issue preclusion and claim preclusion." *Id.* According to the Court in *Ramsdell*:

> [i]ssue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if 'the identical issue was determined by a prior judgment, and ... the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.' Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.

*Id.*

Although both issue preclusion and claim preclusion might be applicable in this matter, collateral estoppel (i.e., issue preclusion) is the more pertinent principle. Preliminarily, the Court rejects Ms. Emerson's contention that *res judicata* or collateral estoppel does not apply because "[t]here is no procedure for judicial review of a decision of the Fee Arbitration Board as established by Maine Bar Rule 9." (Objection Motion for Summary Judgment, p. 3). A party to an arbitration award is entitled to judicial review in

accordance with Maine's Uniform Arbitration Act.[1] Indeed, Maine Bar Rule 9(i) specifically provides that "[t]he award rendered by an arbitration panel may be enforced in accordance with the Uniform Arbitration Act ..." After the Court confirms an arbitration award and enters judgment, the arbitration award is as effective as any other judgment, and has the same preclusive effect as any other judgment. *See 14 M.R.S. § 5940; Restatement (Second) of Judgments, § 84.*

In her counterclaim, Ms. Emerson alleges "[t]hat at all times during the representation within the pending divorce, [Ms. Emerson] was advised that [her husband] would be responsible for the payment of all legal bills." (Answer, Affirmative Defenses, Counterclaim, ¶ 19). The issue is thus whether the "identical issue was determined by a prior judgment, and ... [whether Ms. Emerson] had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Machias Savings Bank v. Ramsdell*, 1997 ME 20, ¶ 9, 689 A.2d 595, 599.

The record establishes that Ms. Emerson raised and litigated before the Fee Arbitration Panel the very issue that she alleges in paragraph 19 of her counterclaim. Not only does the transcript of the proceedings before the panel make clear that Ms. Emerson raised the issue, but the panel's discussion in the Award and Determination plainly shows that the panel considered and decided the issue. Specifically, the panel wrote,

> [t]he primary contention raised by Petitioner [Ms. Emerson] is that the Respondent assured her repeatedly over the course of the representation that Petitioner's husband would be required to pay her attorneys fees as part of an eventual divorce judgment or settlement agreement, but that Respondent failed to include such a provision in the final agreement between Petitioner and her husband. Respondent's position is that he never made such a promise, and that in any event Petitioner was fully aware at the time that she executed the settlement agreement that it did not provide for such payment by Petitioner's husband.

> *The Panel finds for the Respondent on all material factual issues relating to Petitioner's obligation to pay attorneys fees.*

---

[1] 14 M.R.S. § 5927 et seq.

Award and Determination, p. 2-3 (emphasis supplied).

As explained above, collateral estoppel "prevents the relitigation of factual issues already decided if the identical issue was determined by a prior judgment, and ... the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Machias Savings Bank v. Ramsdell*, 1997 ME 20, ¶ 9, 689 A.2d 595, 599. The record establishes that Ms. Emerson was the petitioner in the prior proceeding in which the issue was raised, that she litigated the issue during a two-day hearing before the panel, and that the panel considered and addressed the very issue that Ms. Emerson seeks to litigate in this proceeding. Accordingly, collateral estoppel bars Ms. Emerson from litigating the issue again.

Conclusion

Based on the foregoing analysis, the Court grants Kurtz & Perry's motion for summary judgment. The entry is: The motion for summary judgment is granted. Judgment entered in favor of Counterclaim Defendant on all remaining claims asserted in the counterclaim.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 6/23/09

_____
Justice, Maine Superior Court