STATE OF MAINE
YORK, ss

SUPERIOR COURT
Docket No. CV-14-214

RAYMOND E. CRONKITE )
)
Plaintiff, )
)
v. )
)
JAMES MOLLEUR, ESQ., and )
)
THE MOLLEUR LAW OFFICE, INC. )
)
Defendants. )
)
)

ORDER ON DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

I.    Background

Defendant James F. Molleur, Esq. is an attorney and the founding partner of Defendant James F. Molleur, LLC, d/b/a Molleur Law Office. Supp. SMF ¶ 1. Defendants represented Plaintiff Raymond E. Cronkite in a Chapter 11 Bankruptcy action filed in the United States Bankruptcy Court, District of Maine, docketed as Case No. 09-20451 and titled *"Raymond E. Cronkite, Debtor"*. Supp. SMF ¶ 2. The Voluntary Bankruptcy Petition was filed with the Bankruptcy Court on April 3, 2009. Supp. SMF ¶ 3. On April 23, 2009, Defendant Molleur filed a Motion for Leave to Withdraw at the request of Raymond Cronkite. Supp. SMF ¶ 4. Defendant Molleur agreed that it was in Plaintiff's best interest for Defendants to withdraw from representing Plaintiff in the bankruptcy action. Supp. SMF ¶ 5. Defendants believed that a lack of communication between Plaintiff and Defendants was affecting Defendants' ability to represent Plaintiff. Supp. SMF ¶ 6.

1

On April 23, 2009, Attorney Molleur filed a Disclosure of Compensation of Attorney for Debtor. Supp. SMF ¶ 7. The Court granted Defendant Molleur's Motion for Leave to withdraw on April 23, 2009. Supp. SMF ¶ 8. On April 28, 2009, Attorney Molleur filed a First & Final Application of Molleur Law Office for Compensation of Legal Services, seeking Court approval of $11,683.00 in fees and $1,055.74 in expenses for a total of $12,738.74. Supp. SMF ¶ 9. On May 18, 2009, the Trustee filed a limited objection to the application for fees and Plaintiff filed an objection to the application for fees. Supp. SMF ¶¶ 10, 11. A hearing was held on the application on June 24, 2009, and the Bankruptcy Court granted the Final Application for Compensation on June 29, 2009, with the exception of $130.00 which the Court viewed as duplicative time billed at the outset of the case in advising the debtor regarding bankruptcy options. Supp. SMF ¶¶ 13, 14.

Plaintiff brought this action claiming that, in representing Plaintiff in filing for bankruptcy, Defendants charged unreasonable fees, intentionally and negligently hurt Plaintiff's interests, and caused Plaintiff to lose real estate with a value of three to five million dollars that Plaintiff had intended to develop into an aquarium. Plaintiff's Complaint includes five separate counts, all of which speak to a claim for legal malpractice.[1] Defendants move the Court for Summary Judgment.

II.     Standard of Review

---

[1] The Complaint alleges claims of intentional misrepresentation, legal malpractice, intentional interference with a prospective economic advantage, breach of fiduciary duty, and punitive damages. All five counts allege that in the course the Defendants' representation of Plaintiff, Defendant improperly counseled or made misrepresentations to Plaintiff causing injury to Plaintiff.

2

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Id.* (citations omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

When the party moving for summary judgment bears the burden on a claim or defense, the moving party must establish the existence of each element of the claim or defense without dispute as to any material fact in the record in order to obtain summary judgment. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015. If the motion for summary judgment is properly supported, then the burden shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e).

III.   Discussion

Defendant moves the Court for Summary Judgment on three grounds. The Defendant seeks an order of summary judgment because Plaintiff is barred by the doctrine of res judicata, because Plaintiff failed to name an expert witness, and finally, because Plaintiff failed to set out a prima facie case for the cause of action alleged.

A. Res Judicata

The Court first turns to Defendants' argument that Plaintiff is barred from pursuing the claimed causes of action by the doctrine of res judicata.

3

> The doctrine of res judicata 'is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once.' The doctrine has developed two separate components, issue preclusion and claim preclusion. Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if 'the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.' Claim preclusion 'bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.'

*Machias Sav. Bank v. Ramsdell*, 1997 ME 20, ¶ 11, 689 A.2d 595 (citations omitted).

Defendants point the Court to *Iannochino v. Rodalakis*, 242 F.3d 36, 39 (1ª Cir. 2001) for its similarity to the case at hand. In *Iannochino*, the plaintiff debtors had engaged the defendant attorney to file a Chapter 13 bankruptcy petition. *Id.* at 39. There was a breakdown of the attorney-client relationship and the defendant attorney moved the Court to allow withdrawal and payment of all fees. *Id.* at 40. The Bankruptcy Court allowed for withdrawal and for payment of defendant attorney in the amount of $6,420.24 in fees and $571.73 in costs. *Id.* at 40. Two years later, the plaintiff debtors filed a legal malpractice case against the defendant attorney. *Id.* at 41. The Court granted the defendant attorney's motion for summary judgment finding that the claim was barred by res judicata because the same parties were involved in both the bankruptcy action and the malpractice action, the Bankruptcy Court had already made a final determination, and the matters presented for decision in the malpractice action could have been litigated in the underlying bankruptcy action. *Id.* at 45. In *Iannochino*, the Court found that a determination allowing for all owed attorney fees in a bankruptcy action is a final determination in which the court must consider the "'quality and value' in the professional services provided to the

4

[debtors] during the bankruptcy." *Id.* at 45, 47. Because the malpractice action against the defendant attorney similarly sought determination of the quality and value of the legal services provided to the plaintiff debtors, essentially the same legal question, the Court found that the malpractice action was barred by res judicata.

Similarly to in *Iannochino*, in the case at hand, Defendants sought allowance of all fees after the Bankruptcy Court permitted Defendants to withdraw from representation of Plaintiff in his bankruptcy action. Plaintiff contested the fees and the Bankruptcy Court allowed all fees requested but for $130.00. In doing so, the Bankruptcy Court made a determination as to the quality and value of the legal services provided. Plaintiff now asks this Court to make a new legal determination as to the quality and value of the legal services provided by Defendants. At the June 24, 2009 hearing on Defendants' application for allowance of legal fees the same parties were involved, the Court made a final determination, and Plaintiff had a fair opportunity to litigate the quality and value of services provided by Defendants. Therefore, the Court finds that Plaintiff is estopped from bringing claims amounting to legal malpractice.

B. Expert Witness Designation and Plaintiffs' Prima Facie Case

Defendant also argues that Plaintiff failed to designate an expert witness by the designation deadline or seek enlargement of the expert designation deadline. Defendant argues that because Plaintiff has not designated an expert witness, Plaintiff will be unable to establish a prima facie case for legal malpractice. Plaintiff seeks order of the Court allowing Plaintiff to provide laymen's testimony in lieu of an expert witness.

5

In an action for legal malpractice, "the plaintiff must show (1) a breach by the defendant attorney of the duty owed to the plaintiff to conform to a certain standard of conduct; and (2) that the breach of duty proximately caused an injury or loss to the plaintiff." *Niehoff v. Shankman & Assocs. Legal Ctr., P.A.*, 2000 ME 214, ¶ 7, 763 A.2d 121. In order to show that a breach of duty proximately caused an injury or loss to the plaintiff, the plaintiff must provide evidence that but for the defendant's malpractice, the plaintiff would have achieved a more favorable result. *Id.* at ¶ 9. "The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a defendant is entitled to judgment. *Merriam v. Wanger*, 2000 ME 159, ¶ 8, 757 A.2d 778.

Plaintiff has not provided a response to Defendants' Motion for Summary Judgment in compliance with M.R. Civ. P. 56 and has not provided support for his contention that but for Defendants' representation of him, Plaintiff would still have the property on which he intended to build the Maine Aquarium. In order to provide sufficient support for his contention to avoid the grant of summary judgment, Plaintiff would need to provide expert testimony to that end. *See Johnson v. Carleton*, 2001 ME 12, ¶ 14, 765 A.2d 571. Without expert testimony on the quality of Defendants' legal services, the Court is left to speculate as to the factors that led to the loss of property and whether and to what degree the Defendants' representation was the cause. Therefore, Plaintiff is unable to provide evidence amounting to more than a "mere possibility of causation" and Defendants are entitled to judgment.

The Court finds that Plaintiff is barred from bringing this action by the doctrine of res judicata. Furthermore, Plaintiff's claim fails for lack of showing of

proximate cause. There are no issues of material fact before the Court and Defendants are entitled to summary judgment.

IV.    Conclusion

The Court grants Defendants' Motion for Summary Judgment.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated:    10/3/16

John O'Neil, Jr.
Justice, Superior Court

7