### Anita PICKERING

v.

### TOWN OF SEDGWICK and Town of Brooklin.

Supreme Judicial Court of Maine.

Argued May 12, 1993.

Decided July 14, 1993.

William N. Ferm (orally), Ferm & Collier, Ellsworth, for plaintiff.

Harry R. Pringle (orally), Drummond, Woodsum, Plimpton & MacMahon, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Plaintiff Anita Pickering appeals a summary judgment granted by the Superior Court (Hancock County, *MacInnes, J.*) to defendants, the towns of Sedgwick and Brooklin, on plaintiff's claim that the towns breached her employment contract by terminating her teaching position and refusing to offer her another contract. Because the Superior Court did not err in finding that plaintiff did not have a teaching contract with defendants, we affirm the judgment.

In reviewing a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment has been granted. *Estate of Althenn v. Althenn*, 609 A.2d 711, 714 (Me.1992). As developed for purposes of summary judgment, the facts may be summarized as follows: Plaintiff signed a series of contracts to teach in Brooklin consisting of a probationary contract in 1971 and continuing contracts from 1972 through the school year of 1988–89. Her probationary contract and the 1972 continuing contract were with School Administrative District 73, which had been formed by Brooklin, Sedgwick, and three other municipalities in 1969. In accord with the towns' agree-

ment, the school situated in Brooklin was governed by a school committee consisting of the Brooklin School Committee plus one member of the Sedgwick School Committee. The school in Sedgwick was governed by the converse arrangement. The district was dissolved in 1973, however, and control of the schools reverted to school committees of the individual municipalities.

In 1978, the voters of Brooklin and Sedgwick joined together in a union school [1] involving the same committee structure used for the previous school administrative district. In 1981, the voters of the two municipalities amended the 1978 union agreement to create a single school committee consisting of three members from each town's school committee and to provide for dissolution of the union school on the vote of either of the municipalities. Plaintiff throughout these changes continued to teach in Brooklin under continuing contracts signed by the school superintendent representing the appropriate administrative unit.

In 1988, the residents of Sedgwick voted to withdraw from the union school agreement, and the union school committee terminated all teaching contracts. Teachers were individually notified of their termination in the fall of 1988 and informed of a hiring process by the municipal school committees. Plaintiff was among the teachers interviewed in 1988 for a position by the Brooklin School Committee for the 1989–90 school year, but the Committee did not extend her an offer. The union school was dissolved effective June of 1989 with the Commissioner of Education's approval, and control of the schools returned to municipal school committees.

■ Plaintiff filed an action in Superior Court in October 1990 seeking a judgment against defendants for a breach of her teaching contract. The court granted defendants a summary judgment on a number of alternative grounds. We find the nonexistence of a teaching contract with defendants to be dispositive on appeal.

Plaintiff argues that, in contracting with the directors of School Administrative District 73, she effectively contracted with the town of Brooklin, and that her contractual relationship with Brooklin continued through the contract with the union school. She contends that the voters of the municipalities, by creating and dissolving the union school without provision for continuing teachers' contracts, failed to renew her continuing contract without just cause.

■ Maine law permits municipalities to form union schools subject to the Commissioner of Education preparing an agreement laying out operating terms and conditions. 20–A M.R.S.A. §§ 2101–2104 (1993). Union schools and other statutorily authorized forms of school administrative units are distinct legal entities. *See Beckett v. Roderick*, 251 A.2d 427, 432–34 (Me.1969) (holding that a Regional School District created by legislation is a distinct legal entity separate from any school committee of the participating towns). Furthermore, local school committees are agents of the state and are legally distinguished from municipalities. *School Comm. of Winslow v. Town of Winslow*, 404 A.2d 988, 992 (Me.1979). Although plaintiff lost her teaching position as a result of a municipal vote dissolving the entity operating the school system, plaintiff's contract was with that entity and not with the municipalities.

---

1. Union schools, provided for by 20–A § 2101 (1993), are distinguishable from school unions, provided for by 20–A § 1901 (1993).

The statutes authorizing union schools provide, in part, as follows:

Adjoining municipalities on the written recommendation of their municipal school committees may, by concurrent action, maintain or establish union schools for the benefit of the municipalities. They shall contribute to their support under the terms of the agreement.

1. If a union school is desired, the municipalities shall apply to the commissioner. The commissioner shall prepare an agreement setting out the terms and conditions under which a union school may operate.

2. Before a union school may operate, each municipality shall approve the agreement by an affirmative vote acting under an appropriate article at a regular or special town meeting or city election.

20–A M.R.S.A. § 2101 (1993).

The Superior Court did not err in finding that plaintiff did not have a contractual relationship with either defendant.

The entry is:

Judgment affirmed.

All concurring.