STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-480

2003 MAY 14 P 3: 46 REC. - CUM - 5/14/2003

DONALD L. GARRECHT
LAW LIBRARY

MAY 29 2003

JULIA AND KEVIN ANDERSON,
BETHANY AND DALE DANIELS,
JILL AND LIONEL C. GUAY, III,
SHARON AND STEPHEN JEROME,
CHRISTINE KOZA,
JERILYN AND MICHAEL WARD,
            Plaintiffs

                                    ORDER ON DEFENDANTS TOWN OF
                                    DURHAM, DURHAM SCHOOL DEPARTMENT,
    v.                              SUPERINTENDENT SHANNON L. WELSH,
                                    MINOT SCHOOL DEPARTMENT,
                                    SUPERINTENDENT ROBERT E. WALL, TOWN
                                    OF RAYMOND, RAYMOND SCHOOL
                                    DEPARTMENT, AND SUPERINTENDENT
                                    SANDRA S. CALDWELL'S MOTION TO
                                    DISMISS

TOWN OF DURHAM,
DURHAM SCHOOL DEPARTMENT,
SUPERINTENDENT SHANNON L. WELSH,
MINOT SCHOOL DEPARTMENT,
SUPERINTENDENT ROBERT E. WALL,
TOWN OF RAYMOND,
RAYMOND SCHOOL DEPARTMENT,
SUPERINTENDENT SANDRA S. CALDWELL,
MAINE DEPARTMENT OF EDUCATION,
COMMISSIONER J. DUKE ALBANESE,
            Defendants

## FACTUAL BACKGROUND

This matter comes before the court upon a Motion to Dismiss by the Defendants

Town of Raymond, Town of Durham, and the towns' respective school departments and

superintendents pursuant to Maine Rule of Civil Procedure 12(b)(6). Defendant Minot

School Department and superintendent join in the motion and additionally move for

judgment on the pleadings pursuant to Maine Rule of Civil Procedure 12(c).

1

Defendant Town of Durham and Defendant Town of Minot are members of school unions[1] and Defendant Town of Raymond operates the Raymond School Department; the school systems are operated separately from one another. None of the school administrative units within Defendant towns operate public high schools. Because state law requires that all municipalities provide education to residents through the twelfth grade, the Defendant school administrative units must elect either to contract with a public school outside the municipality or reimburse those students living within the municipality who choose to attend an approved private school, a public school, or a school approved for tuition purposes in another state.

In August 2002 Plaintiff Christine Koza requested reimbursement from the Defendant Raymond School Department for tuition payments made to St. Dominic's Regional High School (St. Dominic's) on behalf of her son. St. Dominic's is a private Catholic high school. The Raymond School Department denied her request on the ground that her claim was barred by 20-A M.R.S.A. § 2951(2), which excludes the participation of sectarian schools from the state's tuition reimbursement program.

Plaintiff Koza—joined by the Anderson, Guay, Jerome, Daniels, and Ward families, who also elected to send their children to private religious institutions not approved for tuition reimbursement (collectively referred to as Andersons)[2]—brought

---

[1] Durham is a member of School Union 30 and Minot is a member of School Union 29. Schools unions are organized according to 20-A M.R.S.A. § 1901-1903 (West 1993).

[2] Julia and Kevin Anderson reside in Durham and their son David attends Pine Tree Academy, which is a Seventh Day Adventist academy. The Andersons are practicing Seventh Day Adventists. Jill and Lionel Guay live in Minot. Their daughter Ashley is a sophomore at St. Dominic's. They aver that their choice of St. Dominic's was based on the excellent academic reputation of St. Dominic's as well as the Guays' belief in the Catholic faith. Sharon and Stephen Jerome live in Raymond. The Jeromes send their son, Matthew, to St. Dominic's, because of the excellent academic program and because of their belief in the Catholic faith. Bethany and Dale Daniels live in Durham and their son Kyle is a sophomore at St. Dominic's Regional High School. The Daniels send Kyle to St. Dominic's because of its academic reputation.

2

suit against the towns, the towns' respective school departments and superintendents, the Maine Department of Education, and the Commissioner of Education (collectively referred to as Defendants). The Andersons contend that the Defendants' refusal to reimburse them for tuition expenses at the schools of their choice violates their federal constitutional rights. Specifically, the Andersons contend that the application of Maine law authorizing tuition reimbursement violates their First Amendment right to Free Exercise of Religion, the Establishment Clause of the Federal Constitution, the First Amendment right to Freedom of Speech, and Equal Protection under the Fourteenth Amendment. (Complaint, ¶¶ 41, 44, 47, 50; 20-A M.R.S.A. § 2951(2).)

## DISCUSSION

Defendants Town of Raymond, Town of Durham, and their respective school administrative districts and superintendents (Raymond and Durham)[3] now move to dismiss the complaint pursuant to M.R.Civ.P. 12(b)(6). In particular, Raymond and Durham contend first, that the doctrine of *res judicata* bars the Andersons from bringing the case at bar and second, that Raymond and Durham are not civilly liable under § 1983 of the Federal Civil Rights Act.

A civil action may be dismissed when the complaint fails to state a claim upon which relief can be granted. M.R.CIV. P. 12(b)(6). Such a motion tests the legal sufficiency of the complaint, *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995), and

Christine Koza resides in Raymond. Her son Brendan is a freshman at St. Dominic's. Ms. Koza avers that she sends Brendan to St. Dominic's because of the excellent reputation. Jerilyn and Michael Ward also live in Raymond. Their son Lucas also attends St. Dominic's because of the excellent academic program.

[3] Their Motion is joined by the Minot School Department and its superintendent. The Department of Education and the Commissioner of Education, the remaining defendants, do not join in this motion to dismiss.

3

not the sufficiency of the evidence the plaintiff is likely able to present. *Barnes v. McGough*, 623 A.2d 144, 146 (Me. 1993). The allegations of the complainant are viewed as true for the purposes of the motion and cast in a light most favorable to the plaintiff. *In re Wage Payment Litigation*, 2000 ME 162, ¶ 3, 752 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond doubt that the plaintiff is entitled to no relief under the facts that might be proved in support of the claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996).

According to Maine law, all municipalities within the state are required to provide an education to residents from kindergarten through the twelfth grade. 20-A M.R.S.A. § 1001(8) (West 1993). The majority of municipalities meet this requirement by establishing a school administrative district. A "school administrative unit" is a "state-approved unit of school administration and includes a municipal school unit, school administrative district, community school district or any other municipal or quasi-municipal corporation responsible for operating or constructing schools ...." 20-A M.R.S.A. § 1(26) (West 1993). School districts have the power to sue and be sued. *See, e.g.*, 20-A M.R.S.A. § 3613; 14 M.R.S.A. § 505; *School Admin. Dist #3 v. Maine School Dist.*, 185 A.2d 744, 746 (Me. 1962) (parties conceding that school districts have the power to sue and be sued); *see generally* 14 M.R.S.A. § 8101 *et seq.* (West 1993). The Law Court has held that school administrative units authorized by statute are legal entities distinct from the municipalities from which they are created. *Pickering v. Town of Sedgwick*, 628 A.2d 149, 150 (Me. 1993). Local school committees are agents of the state and are legally distinct from municipalities. *Pickering*, 628 A.2d at 150; *see also School Comm. of Winslow v. Town of Winslow*, 404 A.2d 988, 992 (Me. 1979).

4

**Res Judicata and Collateral Estoppel:**

Raymond and Durham first contend that the Andersons' complaint is barred by the doctrine of *res judicata*, the principles and application of which are well-settled in Maine.[4] *See, e.g., DuMont v. Fleet Bank of Maine*, 2000 ME 197, 760 A.2d 1049; *Machias Sav. Bank v. Ramsdell*, 1997 ME 20, ¶ 11, 689 A.2d 595, 599; *Johnson v. Samson Constr. Co*, 1997 ME 220, 704 A.2d 866; *Connecticut Nat'l Bank v. Kendall*, 617 A.2d 544, 547 (Me. 1992); *Beegan v. Schmidt*, 451 A.2d 642, 643-44 (Me. 1982). *Res judicata* is "a court-made collection of rules designed to ensure that the same matter will not be litigated more than once." *Machias Sav. Bank*, 1997 ME 20, ¶ 11, 689 A.2d 595, 599. To avoid the doctrine of *res judicata*, a plaintiff

> must plead all theories of recovery then available to him; he "cannot splinter his claim and litigate it separately in a piecemeal fashion by asserting in a subsequent law suit other grounds of recovery for the same claim when he had reasonable opportunity to raise and litigate the same grounds in the former action."

*Barter v. Boothbay/Boothbay Harbor Community School Dist.*, 564 A.2d 766, 768 (Me. 1989) (citations omitted). *Res judicata* functions to bar a plaintiff from relitigation of a claim "if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Machias Sav. Bank*, 1997 ME 20, ¶ 11, 689 A.2d at 599.

---

[4] *Res judicata* is distinguishable from the related doctrine of collateral estoppel, sometimes referred to as "issue preclusion," "which merely prevents the reopening in a second action of *an issue* of fact actually litigated and decided in an earlier case." *Res judicata*, also referred to as "claim preclusion" "prohibits relitigation of *an entire cause of action....*" *Beegan v. Schmidt*, 451 A.2d 642, 644 (Me. 1982) (emphasis added). Although the Towns initially raise the theory of claim preclusion, the brief fails to fully develop this distinction in its argument.

Raymond and Durham primarily contend that the Andersons' Complaint should be dismissed because the Andersons were "in privity" with the plaintiffs in *Bagley v. Raymond School Dep't*, 1999 ME 60, 728 A.2d 127. *See also Bagley v. Raymond School Dep't*, 1997 Me. Super. LEXIS 375, CV-97-484 (Me. Super. Ct., Cum. Cty., Dec. 9, 1997) (Mills, J.). Privity exists where two parties so identify in interest "'that they represent one single, legal right.'" *Tungate v. Gardner*, 2002 ME 85, ¶ 9, 797 A.2d 738, 741 (citing *Boulanger v. Comeau*, 663 A.2d 46, 48 (Me. 1995). The First Circuit has held that under certain situations if a party to the second action was not named as a litigant in the prior suit, the first prong of the *res judicata* test may still be satisfied. *Gonzalez v. Banco Central Corp.*, 27 F.3d 751, 758 (1st Cir. 1994). Such circumstances arise where "a nonparty either substantially controlled a party's involvement in the initial litigation, or, conversely, permitted a party to the initial litigation to function as its *de facto* representative." *Id.*

Raymond and Durham contend privity exists to satisfy the first requirement of *res judicata* because first, the plaintiffs in the present action are represented by the same attorneys who also appeared on behalf of the plaintiffs in *Bagley* and second, the plaintiffs in *Bagley* also challenged the constitutionality of 20-A M.R.S.A. 2951(2) upon Raymond School Department's refusal to reimburse tuition expenses to a religious institution. Raymond and Durham further contend that because some of the plaintiffs in the case at bar reside in the Defendant Town of Raymond and parties in both actions possessed similar motivation for challenging the constitutionality of § 2951(2), privity exists between the *Bagley* plaintiffs and the Andersons.

Privity cannot exist absent a "special relationship" between two sets of plaintiffs or absent the failure of a plaintiff to join a class action suit. *South Central Bell Telephone Co. v. Alabama*, 526 U.S. 160, 167-68 (1999).[5] The essence of Raymond and Durham's *res judicata* argument is that the Andersons' attorneys are the same counsel that represented the *Bagley* plaintiffs and that alone is not enough to establish a "special relationship" between two sets of plaintiffs. Because this is a Motion to Dismiss, the court may look only at the legal sufficiency of the pleadings and take the material allegations of the complaint as true. *Shaw v. Southern Aroostook Community School Dist.*, 683 A.2d 502, 503 (Me. 1996). None of the plaintiffs in the case at bar were litigants in *Bagley*; in fact the only common party is Raymond, which was a named defendant in *Bagley*. Raymond and Durham allege neither that the *Bagley* plaintiffs initiated a class suit nor that "the judgment they received . . . purport[ed] to bind any" nonparties. *South Central Bell Telephone Co.*, 526 U.S. at 167. The Motion to Dismiss on the basis of *res judicata* is denied.

## Imposition of Federal Civil Liability Under 42 U.S.C. § 1983:

Raymond and Durham next argue that no federal civil liability exists pursuant to § 1983. 42 U.S.C. § 1983 (2003). The Andersons allege in their complaint that the enforcement of 20-A M.R.S.A. § 2951 violates their First and Fourteenth Amendment rights. They seek injunctive relief and damages against all Defendants based upon the

---

[5] The facts in *South Central Bell* involved two different sets of plaintiffs, in two different tax years, each claiming discrimination on the basis of violation of the Commerce Clause and the Equal Protection Clause. Neither action was a class action nor was privity found to exist by the Court between the two sets of plaintiffs.

extension of § 1983 liability to municipalities by the U.S. Supreme Court in *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978).

Also known as the Civil Rights Act of 1871, § 1983 provides a civil action for the deprivation of rights by any person against a citizen of the United States under color of state law. *Id.* A civil action for deprivation of rights is provided to

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2003). For purposes of §1983, the definition of "person" includes "local governments, municipal corporations, and school boards." 1 U.S.C.§ 1(10); *see also Monell*, 436 U.S. at 688-90. Such "persons" are subject to liability for the violation of an individual's constitutionally protected rights. 42 U.S.C. § 1983; *see also generally Monell*, 436 U.S. 658. Pursuant to the definition, Raymond and Durham are considered "persons" for purposes of §1983. Thus, the issue is whether liability may be extended to Raymond and Durham under this statute.

In 1978, the U.S. Supreme Court overruled *Monroe v. Pape*, 365 U.S. 167 (1961), to the extent that the Court had previously interpreted § 1983 as granting absolute immunity to local governments.[6] *Monell*, 436 U.S. at 663. The *Monell* Court held that although "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents" it may be liable "when execution of a government's policy . .

---

[6] The Supreme Court in *Monroe* held that "Congress did not undertake to bring municipal corporations within the ambit of [§ 1983]." *Monell*, 436 U.S. at 664 (citing *Monroe v. Pape*, 365 U.S. 167). The Court did not overrule the principle that *respondeat superior* is not grounds for municipal liability under § 1983 for the constitutional torts of their employees. *Id.* at 663, n.7; *see also McMillian v. Monroe County*, 520 U.S. 781 (1997).

. inflicts the injury the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 695. In removing this limitation, the Court declined to address "the full contours of municipal liability under § 1983." *Id.*

The Supreme Court's declination to define the extent of municipal liability has generated a progeny of circuit court opinions. These cases address the question of whether municipal liability rests upon the express adoption or incorporation of local regulations or policies or whether civil liability may be extended to local actors acting pursuant to state law. *See, e.g., Surplus Store and Exchange, Inc. v. City of Delphi*, 928 F.2d 788 (7th Cir. 1991) (imposing no liability upon local officials enforcing state law); *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988) (the enforcement of state law by local officials does not give rise to § 1983 liability); *cf., Chaloux v. Killeen*, 886 F.2d 247, 251 (9th Cir. 1989) (finding that "the Monell doctrine did not intend to limit the reach of plaintiffs seeking prospective relief under § 1983 . . . under an allegedly unconstitutional state statute"). The Seventh Circuit's opinion in *Surplus Store & Exch., Inc. v. City of Delphi* enunciated the principles advanced by the Supreme Court's holding in *Monell*. In essence, the Seventh Circuit held that § 1983 liability must be triggered by the adoption of an unconstitutional policy or regulation by a municipality, not by the enforcement of state law by local actors.

Although the First Circuit has declined to engage in its own *Monell* analysis or specifically address municipal liability under § 1983, at least one opinion from that circuit has commented on the Seventh Circuit's interpretation. *Yeo v. Town of Lexington*, 131 F.3d 241, 257 (1st Cir. 1997).[7] In his concurring opinion, Judge Stahl wrote,

---

[7] Judge Lynch, writing for an *en banc* court, noted that

[t]he Town's freedom from liability flows less from the fact that the [plaintiffs] are private actors than from the fact that the [plaintiffs'] actions were not caused by Town policy or custom . . . it seems obvious that, as an action taken in what appears to have been good faith reliance upon state law . . . cannot give rise to municipal liability under § 1983.

*Yeo v. Town of Lexington*, 131 F.3d at 257 (citing *Surplus Store & Exch., Inc.*, 928 F.2d at 791-92).

Soon after the First Circuit's decision in *Yeo*, the District Court of Maine directly adopted the Seventh Circuit's rationale. *Strout v. Maine Dept. of Education*, 97-259-B-H (Dist. Me., Jan. 26, 1998) (Cohen, M.J.). Magistrate Cohen noted that *Monell* did not resolve finally the issue of the applicability of § 1983 liability, but only removed the shield of absolute immunity for local municipalities. *Id.* at 5. The Maine District Court (Hornby, C.J.), which granted judgment in accordance with the recommendation of Magistrate Cohen, adopted the view that liability may only be imposed against the adoption of an unconstitutional local regulation. *Id.* at 8. Rejecting the Ninth Circuit's position in *Chaloux*, *supra*, the *Strout* court held that "*any* municipal liability under section 1983, regardless of the relief sought, must be premised on some culpable act that can fairly be attributed to the municipality." *Id.*

Applying the Seventh Circuit's analysis of the applicability of § 1983 to local actors acting pursuant to state law, "[w]hile it is true that [Raymond and Durham] did not enact [the statute], it is equally clear that the city's policy of enforcing the statute constitutes *state action*" and not local action. *Surplus Store & Exch., Inc.*, 928 F.2d at 792. A municipality is not liable under § 1983 *unless* the municipality itself has been "'a

---

Where the statutory and constitutional inquiries are inextricably intertwined, decision of the state action question is hardly a breach of the obligation to decide cases on statutory grounds in order to avoid constitutional questions. We do not engage in a separate § 1983 analysis, nor do we reach the issue of municipal liability, under Monell . . . .
*Yeo v. Town of Lexington*, 131 F.3d at 249, n.3.

10

moving force behind the deprivation' of constitutional rights at issue . . . ." *Strout*, 97-259-B-H, page 8 (Dist. Me., Jan. 26, 1998) (Cohen, M.J.) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  As acknowledged by the Andersons, that is not the case here.  Accordingly, the Andersons have failed to state a claim against Raymond and Durham pursuant to M.R.Civ.P. 12(b)(6).  Motion to Dismiss is granted.

The entry is:

Defendants Town of Durham, Durham School Department, Superintendent Shannon L. Welsh, Town of Raymond, Raymond School Department, Superintendent Sandra S. Caldwell, Minot School Department, and Superintendent Robert E. Wall's Motion to Dismiss is GRANTED.

Date at Portland, Maine this _14th_ day of _May_, 2003

Robert E. Crowley
Justice, Superior Court

11

JULIA ANDERSON   - PLAINTIFF


Attorney for: JULIA ANDERSON
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


KEVIN ANDERSON   - PLAINTIFF


Attorney for: KEVIN ANDERSON
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


JILL GUAY   - PLAINTIFF


Attorney for: JILL GUAY
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


BETHANY DANIELS   - PLAINTIFF


Attorney for: BETHANY DANIELS
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


DALE DANIELS   - PLAINTIFF


Attorney for: DALE DANIELS
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


LIONEL C GUAY III   - PLAINTIFF


Attorney for: LIONEL C GUAY III
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


SHARON JEROME   - PLAINTIFF

DOCKET RECORD

Attorney for: SHARON JEROME
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


STEPHEN JEROME  - PLAINTIFF


Attorney for: STEPHEN JEROME
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


CHRISTINE KOZA  - PLAINTIFF


Attorney for: CHRISTINE KOZA
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


JERILYN WARD  - PLAINTIFF


Attorney for: JERILYN WARD
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


MICHAEL WARD  - PLAINTIFF


Attorney for: MICHAEL WARD
JEFFREY EDWARDS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546



vs
TOWN OF DURHAM - DEFENDANT

Attorney for: TOWN OF DURHAM
MICHAEL E SAUCIER
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

DURHAM SCHOOL DEPT. - DEFENDANT

Attorney for: DURHAM SCHOOL DEPT.
MICHAEL E SAUCIER
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630


SHANNON L WELSH (SUPERINTENDENT)  - DEFENDANT

Attorney for: SHANNON L WELSH (SUPERINTENDENT)
MICHAEL E SAUCIER
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630


MINOT, TOWN OF - DEFENDANT

Attorney for: MINOT, TOWN OF
STEPHEN WADE
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
PO BOX 3200
AUBURN ME 04212-3200


MINOT SCHOOL DEPT. - DEFENDANT

Attorney for: MINOT SCHOOL DEPT.
PETER BRANN
BRANN & ISAACSON
184 MAINE STREET
PO BOX 3070
LEWISTON ME 04243-3070


Attorney for: MINOT SCHOOL DEPT.
TIMOTHY W BLAKELY
BRANN & ISAACSON
184 MAINE STREET
PO BOX 3070
LEWISTON ME 04243-3070

ROBERT E WALL (SUPERINTENDENT)  - DEFENDANT

Attorney for: ROBERT E WALL (SUPERINTENDENT)
PETER BRANN
BRANN & ISAACSON
184 MAINE STREET
PO BOX 3070
LEWISTON ME 04243-3070

Attorney for: ROBERT E WALL (SUPERINTENDENT)
TIMOTHY W BLAKELY
BRANN & ISAACSON
184 MAINE STREET
PO BOX 3070
LEWISTON ME 04243-3070

RAYMOND, TOWN OF - DEFENDANT

Attorney for: RAYMOND, TOWN OF
MICHAEL E SAUCIER
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

RAYMOND SCHOOL DEPT. - DEFENDANT

Attorney for: RAYMOND SCHOOL DEPT.
MICHAEL E SAUCIER
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

SANDRA S CALDWELL (SUPERINTENDENT)  - DEFENDANT

Attorney for: SANDRA S CALDWELL (SUPERINTENDENT)
MICHAEL E SAUCIER
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

MAINE DEPT. OF EDUCATION - DEFENDANT

Attorney for: MAINE DEPT. OF EDUCATION
PAUL STERN
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

J DUKE ALBANES (COMMISSIONER) - DEFENDANT

Attorney for: J DUKE ALBANES (COMMISSIONER)
PAUL STERN
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

MAINE CIVIL LIBERTIES UNION (PARTY W/D) - INTERVENOR
KEN WILLIAMS - INTERVENOR

Attorney for: KEN WILLIAMS
JEFFREY THALER
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

BARBARA WILLIAMS - INTERVENOR

Attorney for: BARBARA WILLIAMS
JEFFREY THALER
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

TIM MORIN - INTERVENOR

Attorney for: TIM MORIN
JEFFREY THALER
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

JOAN MORIN - INTERVENOR

Attorney for: JOAN MORIN
JEFFREY THALER
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

TIMOTHY FITZGERALD - INTERVENOR

Attorney for: TIMOTHY FITZGERALD
JEFFREY THALER
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

LOIS KILBY-CHESLEY  - INTERVENOR


Attorney for: LOIS KILBY-CHESLEY
JEFFREY THALER
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


W W REILLY,, V  - INTERVENOR


Attorney for: W W REILLY,, V
JEFFREY THALER
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


DAVID E CURRIER  - INTERVENOR


Attorney for: DAVID E CURRIER
JEFFREY THALER
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


HOWARD T REBEN  - INTERVENOR


Attorney for: HOWARD T REBEN
JEFFREY THALER
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029



Filing Document: COMPLAINT                    Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 09/18/2002

## Docket Events:

09/18/2002 FILING DOCUMENT - COMPLAINT FILED ON 09/18/2002
          WITH EXHIBIT 1

09/18/2002 Party(s):  JULIA ANDERSON
          ATTORNEY - RETAINED ENTERED ON 09/18/2002
          Plaintiff's Attorney: JEFFREY EDWARDS

09/19/2002 Party(s):  KEVIN ANDERSON
          ATTORNEY - RETAINED ENTERED ON 09/18/2002
          Plaintiff's Attorney: JEFFREY EDWARDS

          Party(s):  JILL GUAY
          ATTORNEY - RETAINED ENTERED ON 09/18/2002

Plaintiff's Attorney: JEFFREY EDWARDS

Party(s): BETHANY DANIELS
ATTORNEY - RETAINED ENTERED ON 09/18/2002
Plaintiff's Attorney: JEFFREY EDWARDS

Party(s): DALE DANIELS
ATTORNEY - RETAINED ENTERED ON 09/18/2002
Plaintiff's Attorney: JEFFREY EDWARDS

09/19/2002 Party(s): LIONEL C GUAY III
ATTORNEY - RETAINED ENTERED ON 09/18/2002
Plaintiff's Attorney: JEFFREY EDWARDS

Party(s): SHARON JEROME
ATTORNEY - RETAINED ENTERED ON 09/18/2002
Plaintiff's Attorney: JEFFREY EDWARDS

Party(s): STEPHEN JEROME
ATTORNEY - RETAINED ENTERED ON 09/18/2002
Plaintiff's Attorney: JEFFREY EDWARDS

Party(s): CHRISTINE KOZA
ATTORNEY - RETAINED ENTERED ON 09/18/2002
Plaintiff's Attorney: JEFFREY EDWARDS

Party(s): JERILYN WARD
ATTORNEY - RETAINED ENTERED ON 09/18/2002
Plaintiff's Attorney: JEFFREY EDWARDS

09/19/2002 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 09/19/2002
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE

09/25/2002 Party(s): JULIA ANDERSON,KEVIN ANDERSON,JILL GUAY,BETHANY DANIELS,DALE DANIELS,LIONEL C GUAY
III,SHARON JEROME,STEPHEN JEROME,CHRISTINE KOZA,JERILYN WARD
MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 09/25/2002
PLAINTIFF'S MOTION FOR ADMISSION TO PRACTICE PURSUANT TO M.R.C.P. 89(B) WITH MEMORANDUM OF
LAW WITH ATTACHMENTS AND PROPOSED ORDER

09/30/2002 Party(s): JULIA ANDERSON,KEVIN ANDERSON,JILL GUAY,BETHANY DANIELS,DALE DANIELS,LIONEL C GUAY
III,SHARON JEROME,STEPHEN JEROME,CHRISTINE KOZA,JERILYN WARD
MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 09/30/2002
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE

09/30/2002 ORDER - COURT ORDER ENTERED ON 09/30/2002
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
IT IS ORDERED THAT RICHARD D. KOMER, CLARK M. NEILY, AND ROBERT M. FRIEDMANBE ADMITTED TO
PRACTICE IN THIS ACTION. THEY SHALL AT ALL TIMES BE ASSOCIATED WITH ATTORNEY JEFFREY
EDWARDS                                           9-30-02 COPY MAILED TO JEFFREY EDWARDS
ESQ

10/01/2002 Party(s): JULIA ANDERSON,KEVIN ANDERSON,JILL GUAY,BETHANY DANIELS,DALE DANIELS,LIONEL C GUAY
III,SHARON JEROME,STEPHEN JEROME,CHRISTINE KOZA,JERILYN WARD